*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* NICHOLAS MOSTAFA HEIDARISAFA.

SABEENA ABRAHAM,

                 Petitioner-Appellee,

and

JASON EGGERSTEDT,

                 Petitioner,

UNPUBLISHED
September 12, 2019

v

NICHOLAS MOSTAFA HEIDARISAFA, also
known as NICHOLAS MOSTIFA
HEIDARISAFA,

                 Respondent-Appellant.

No. 347600
Calhoun Probate Court
LC No. 2018-001115-MI

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's second order for involuntary hospitalization. On appeal, respondent argues that the probate court abused its discretion in ordering mental health treatment because there was no indication that, pursuant to MCL 330.1453a and MCR 5.741(A), the probate court received or reviewed the Alternative Treatment Report (ATR) prior to ordering continued hospitalization. We affirm.

## I. FACTUAL BACKGROUND

On February 26, 2018, police took respondent to Bronson Battle Creek Hospital following a welfare check at his residence. Respondent proceeded to threaten the lives of multiple officers and nurses, and while waiting to see a physician, respondent made several

-1-

grandiose, paranoid, and persecutory comments. Respondent stated that he was going to start a war with Iran, that he had nuclear bombs, that he was the king of all religion, that Adolph Hitler was "out to get him," and that he had been tortured and raped by "satanic cops." Respondent then assaulted a security officer and, while being detained by police officers, proceeded to punch, kick, and bite at them.

Respondent was charged with two counts of resisting and obstructing a police officer and two counts of assault and battery, and ultimately found not guilty by reason of insanity. Following respondent's acquittal, Officer Jason Eggerstedt filed a petition in the probate court asking that respondent be involuntarily hospitalized because of his mental illness. The probate court granted that petition on December 6, 2018, ordering respondent to hospitalization at the Center for Forensic Psychiatry for a period of no more than 60 days.

Prior to the expiration of the initial order for hospitalization, on January 10, 2019, Sabeena Abraham, a licensed master of social work, filed a second petition for treatment that sought continued hospitalization. On January 15, 2019, an ATR was filed with the probate court by a hospital liaison. The liaison indicated that, at that point in time, there were no alternatives to hospitalization that could be recommended for respondent. The following day, the probate court held a hearing on the second petition for hospitalization.

Dr. Linda Marion testified at the hearing that respondent suffered from a schizoaffective disorder, that he presented symptoms of psychosis and significant mania, and that he suffered from bizarre delusions, thoughts of persecution, and auditory hallucinations. Dr. Marion testified that it could be reasonably expected that respondent would intentionally or unintentionally seriously physically injure himself or others as a result of his mental illness if he were to discontinue his treatment, and that without an order for continued hospitalization, respondent could be expected to discontinue his treatment and relapse. Dr. Marion further testified that respondent lacked insight into his mental illness, and that she was unsure as to whether respondent would be able to attend to his own basic physical needs if he were released from hospitalization. On the same day as the hearing, the probate court ordered continued involuntary hospitalization for a period of up to 90 days. Respondent appeals that order.[1]

## II. ANALYSIS

Respondent's sole argument on appeal is that the probate court abused its discretion in granting the second petition for involuntary hospitalization because the court did not specifically state prior to entering the order for continued hospitalization that it had received and reviewed the ATR as required by MCL 330.1453a and MCR 5.741(A). We disagree.

"This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus,*

---

[1] We note that, during the pendency of this appeal, the probate court entered a continuing order for hospitalization for up to 365 days. Respondent has not sought to challenge that order on appeal.

325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). The probate court abuses its discretion when it "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted). Finally, "[w]e review de novo the interpretation and application of statutes and court rules." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

MCL 330.1453a provides, upon receipt of a petition for a determination that an individual continues to be a person requiring treatment as described in MCL 330.1452,

> the [probate] court shall order a report assessing the current availability and appropriateness for the individual of alternatives to hospitalization, including alternatives available following an initial period of court-ordered hospitalization. The report shall be prepared by the community mental health services program, a public or private agency, or another individual found suitable by the court. In deciding which individual or agency should be ordered to prepare the report, the court shall give preference to an agency or individual familiar with the treatment resources in the individual's home community.

Further, MCR 5.741(A) states:

> Before ordering a course of involuntary mental health treatment or of care and treatment at a center, the court must receive a written report or oral testimony describing the type and extent of treatment that will be provided to the individual and the appropriateness and adequacy of this treatment.

In this case, the probate court ordered the preparation of the ATR, and the report was completed and filed with the probate court the day before the hearing on the second petition for hospitalization. While respondent is correct that the probate court did not specifically refer to the report when it made its ruling, we note that nothing in the court rules explicitly requires the court to do so. Respondent has provided no persuasive argument or authority to suggest that the filing of the ATR the day before the hearing was not sufficient for the court to have "received" the report under MCR 5.741(A). And, in fact, respondent's argument directly conflicts with MCR 5.741(B), which provides: "The court may receive a written report in evidence without accompanying testimony if a copy is filed with the court before the hearing." Finally, even assuming for the sake of argument that the ATR was not properly admitted into evidence, MCR 5.741(A) clearly indicates that oral testimony may stand in place of the ATR, and in this case, Dr. Marion provided that testimony. Respondent makes no argument to suggest that Dr. Marion's testimony was insufficient.

We conclude that the probate court received the report as required by MCL 330.1453a and MCR 5.741(A), and that the probate court went beyond what was required by the court rule by—in addition to receiving the ATR—also taking oral testimony as to the appropriateness and adequacy of respondent's treatment. With both the written report and the oral testimony indicating that hospitalization was adequate and appropriate in this case, and that no reasonable alternatives to hospitalization existed, the probate court did not clearly err in determining that

hospitalization was the least restrictive treatment available to respondent, and did not abuse its discretion in ordering a second, continuing term of involuntary hospitalization.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood